**Mary M. GREER**

v.

**SHAPIRO & KREISMAN.**

No. Civ. A. 00–4647.

United States District Court,
E.D. Pennsylvania.

April 17, 2001.

David A. Searles, Donovan, Miller, LLC, Philadelphia, PA, for plaintiff.

Andrew W. Boczkowski, Stradley, Ronon, Stevens & Young, LLP, Philadelphia, PA, David J. Chizewer, Tracy E. Katz, Goldberg Kohn Bell Black, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 2); Plaintiff's Answer to Motion to Dismiss Filed by Defendant Shapiro & Kreisman (Docket No. 8); Reply Memorandum of Law in Support of Defendant's Motion to Dismiss (Docket No. 10) and Plaintiff's Sur–Reply Brief in Opposition to Defendant's Reply Memorandum of Law in Support of Defendant's Motion to Dismiss (Docket No. 11). For the reasons stated below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On or about December 3, 1999, Defendant sent Plaintiff a collection letter in an attempt to collect from Plaintiff an alleged debt in the amount of $4,953.49. *See* Pl.['s] Compl., ¶ 8. The letter read in full as follows:

### NOTICE PURSUANT TO THE FAIR DEBT COLLECTION

### PRACTICES

### ACT, 15 USC SEC. 1692 *et seq.*

TO: Mary M. Greer

RE: Mortgage dated March 29, 1991 on property at 6712 Egret Place, Philadelphia, PA 19142

Please be advised that your delinquent account has been referred to our firm for the institution of legal proceedings against you and your property. Legal proceedings have been instituted or will be instituted as soon as possible *notwithstanding this Notice.* We are attempting to collect a debt that you owe the present creditor and any information we obtain will be used for that purpose.

In accordance with the above Act, you are hereby notified of the following information:

(1) The amount of the debt as of 12/3/99 is $4,953.49.

(2) The name of the creditor to whom the debt is owed: Fleet Mortgage Corp.

(3) Unless you, within thirty days after receipt of this Notice, dispute the validi-

ty of the debt, *or any portion thereof,* we will assume that the debt is valid. (4) If you notify us in writing within thirty days after receipt of this Notice, that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification will be mailed to you. (5) Upon your written request directed to the above within thirty days after the receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the current creditor. Very truly yours, SHAPIRO & KREISMAN By: Samantha A. Clifford Attorney for Plaintiff PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*See* Pl.['s] Compl., at 2 (emphasis in original).

Plaintiff alleges that this "letter failed to effectively advise Plaintiff [both] that she has the right to dispute the validity of the alleged debt and that [Shapiro & Kreisman] would provide verification of the alleged debt if Plaintiff disputed the validity of the alleged debt and/or requested verification of the debt." *Id.* ¶ 10. The Complaint further alleges that:

> [w]hile the letter contained the validation/verification language required by

section 1692g(a) [of the Fair Debt Collection Practices Act (the "FDCPA")], that information was not effectively conveyed to the least sophisticated consumer. To the contrary, it was contradicted, overshadowed and obscured by the earlier extraneous language contained in the letter so as to confuse or make uncertain what the least sophisticated consumer's rights are under the law.

*Id.*

Defendant disagrees with Plaintiff and offers the instant Motion to Dismiss.

## II. *STANDARD OF REVIEW*

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6) [1], this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990) (citing *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988)); *see also H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A court will only dismiss a complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc.,* 492 U.S. at 249–50, 109 S.Ct. 2893. Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *See Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The Federal Rules of Civil Procedure do not, however, require detailed pleading of the

facts on which a claim is based. Instead, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief" that is enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2) (West 2000).

## III. *DISCUSSION*

Defendant motions this Court to dismiss Plaintiff's Complaint, which alleges various violations of the FDCPA. The alleged violations of the FDCPA will be discussed below.

1. *Plaintiff's Overshadowing Claim; violation of 15 U.S.C. § 1692g(a)*

■ Under the FDCPA, a debt collector is required to include the following information in a debt collection letter to a consumer:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (2000).

Paragraphs 3 through 5 of § 1692g(a) contain the validation notice, i.e., the statements that inform the consumer both how to obtain verification of the debt and that he has thirty days in which to do so. The FDCPA further mandates that if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor, then the debt collector must cease all collection efforts until the debt collector mails either the debt verification or creditor's name to the consumer. 15 U.S.C. § 1692g(b).

Congress enacted the FDCPA " 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' " *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir.2000). Moreover, the debt validation provisions of § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law. *Id.* at 354 (citing S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S.Code Cong. & Admin. News 1695, 1699, 1702).

■ Thus, in order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter; the required notice must also be conveyed effectively to the debtor. *Id.*

■ Moreover, "the validation notice required by the Act 'is to be interpreted from the perspective of the least sophisticated debtor.' " *See id.* The " 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.' " *See id.* This standard

comports with basic consumer-protection principles as follows:

> [t]he basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law....

*See id.*

"Thus, although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness· to read with care." *Id.* at 354–55.

▇▇ A collection letter "is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights" under the FDCPA. *See id.* at 354; *Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 527 (E.D.Pa. May 8, 1996). A collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *See id.* A validation notice must not be overshadowed or contradicted by accompanying messages from the debt collector. *See Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991). A notice of rights is not effectively communicated to the debtor, when presented in conjunction with a contradictory demand. *See id.*

To the extent the parties rely on the Third Circuit's decision in *Wilson v. Quadramed Corp.,* 225 F.3d 350 (2000), that case is factually distinguishable and therefore inapposite. In *Wilson,* the validation letter stated, inter alia:

> [o]ur client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action

against you. To insure immediate credit to your account, make your check payable to ERI. Be sure to include the top portion of this statement and place your account number on your remittance.

*Id.* at 352.

Following this language, the notice informed the debtor of his right to dispute the validity of the debt within thirty days. *See id.* The Third Circuit determined that the notice letter at issue in that case presented the debtor with two options: "(1) an opportunity to pay the debt immediately and avoid further action, or (2) notify Quadramed within thirty days after receiving the collection letter that he disputes the validity of the debt." *See Wilson,* 225 F.3d at 356. The Court also stated that "[a]s written, the letter does not emphasize one option over the other, or suggest that Wilson forgo the second option in favor of immediate payment." *See id.* Thus, the Third Circuit concluded that the language in the debt collection letter did not overshadow the validation notice such that the least sophisticated debtor would be confused or misled as to his rights to dispute or seek validation of the debt. *See id.* at 353.

Here, assuming the facts in Plaintiff's Complaint are true, Defendant's collection letter violated § 1692g of the FDCPA because language in Defendant's collection letter overshadowed Plaintiff's statutory right to dispute her debt within thirty days of the notice. Defendant's collection letter, in part, states, "[l]egal proceedings have been instituted or will be instituted as soon as possible *notwithstanding this Notice.*" *See* Memo. of Law in Support of Deft. Shapiro & Kreisman's Mot. to Dismiss Pl.['s] Compl., at 2 (emphasis in original). From the perspective of the least sophisticated consumer, the indication that legal proceeding have been instituted "notwithstanding" the notice would indicate

that the validity of the debt had already been decided. The notice, however, also informs the Plaintiff that she has thirty days after receipt of the notice to dispute the validity of the debt. Upon reading this notice, the least sophisticated consumer might wonder what purpose lodging a dispute would serve if legal proceedings had already been instituted or would be instituted as soon as possible. The juxtaposition of Plaintiff's statutory rights with an indication that legal proceedings had been instituted (or will be instituted as soon as possible) would make the least sophisticated consumer uncertain as to her rights. *See e.g., Bartlett v. Heibl, et al.,* 128 F.3d 497, 500–01 (7th Cir.1997); *Gaudette v. GC Services Ltd. Partnership,* 1999 U.S. Dict. Lexis 21532, \*9–10 (D.Conn. September 6, 1999). Unlike in *Wilson,* where the Third Circuit determined that the debt collection letter presented the debtor with two options, the debt collection letter here indicates that the least sophisticated consumer has no options because "legal proceedings have been instituted or will be instituted as soon as possible." Assuming all facts alleged in Plaintiff's Complaint are true, Defendant's collection letter overshadowed her statutory rights and the Court must reject Defendant's Motion to Dismiss Plaintiff's § 1692g claim.

2. *Plaintiff's claims for violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f*

■ Defendant also claims that Plaintiff's Complaint did not sufficiently plead any claims under §§ 1692e, 1692e(5), 1692e(10) and 1692f of the FDCPA. Rule 8(a) of the Federal Rules of Civil Procedure requires Plaintiff's Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a) (2000). Defendant asserts that Plaintiff's Complaint paraphrases the language of the FDCPA without describing any conduct or stating in any manner, the basis for Defendant's alleged violation of the FDCPA. *See* Reply Memo. of Law in Support of Deft.['s] Mot. to Dismiss, at 7. Defendant cites *Slater v. Marshall,* 906 F.Supp. 256, 259 (E.D.Pa. Nov.8, 1995), to support its contention that Plaintiff's claims under §§ 1692e, 1692e(5), 1692e(10) and 1692f of the FDCPA lack the necessary detail to provide fair notice of the bases for Plaintiff's claims.

The Court in *Slater* agreed with the defendant that the plaintiff's complaint, "is conclusory and does not identify a particular law, custom, policy or practice that violated her rights." 906 F.Supp. at 259. Here, however, Plaintiff's Complaint states the following:

Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of sections 1692e, 1692e(5), 1692e(10) and 1692f of the FDCPA, as evidenced by the following conduct:

(a) using unfair or unconscionable means to attempt to collect a debt;

(b) threatening to take any action that cannot be taken or that is not intended to be taken;

(c) the use of a false representation or deceptive means to collect or attempt to collect a debt;

(d) failing to send Plaintiff and members of the Class a written notice in the initial communication, or within five days thereafter, that effectively conveyed the information required by section 1692g(a) of the FDCPA;

(e) contradicting, overshadowing and obscuring the validation/verification language required by section 1692g(a) by extraneous, threatening and confusing language contained in the aforementioned notice; and

(f) otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiff.

Pl.['s] Compl., ¶ 31.

Because the Court finds that Plaintiff's Complaint identifies both the law she believes Defendant violated and the particular conduct, the Plaintiff has adequately plead her claims under §§ 1692e, 1692e(5), 1692e(10) and 1692f of the FDCPA. As a result, the Court rejects Defendant Motion to Dismiss on these grounds.

█ Additionally, Defendant claims that even if Plaintiff adequately plead violations of §§ 1692e, 1692e(5), 1692e(10) and 1692f of the FDCPA, those claim fail as a matter of law. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2000). The following conduct is also a violation of §§ 1692e(5) and (10):(1)[t]he threat to take any action that cannot legally be taken or that is not intended to be taken; and (2)[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *See* 15 U.S.C. §§ 1692e(5),(10) (2000). Section 1692f of the FDCPA provides "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692f (2000).

Defendant's assertion that Plaintiff's claims fail as a matter of law hinges upon its contorted reading of its collection letter. Defendant states that its letter does not represent that litigation has already begun. Defendant asserts that "the letter makes clear that litigation will only begin as soon as possible, leaving [Defendant] adequate time to comply with both Pennsylvania Act 6 and the HUD regulations."

*See* Reply Memo. of Law in Support of Deft.['s] Mot. to Dismiss, at 9.

The Court disagrees with Defendant's interpretation of its letter. First, the collection letter states that "[l]egal proceedings have been instituted or will be instituted as soon as possible *notwithstanding this Notice.*" Defendant points to the conjunctive nature of this sentence to support its assertion that its letter intended only to inform Plaintiff that litigation will begin as soon as possible and thus comports with the FDCPA. The collection letter, however, is signed by "Samantha A. Clifford, Attorney for Plaintiff." The reference to Shapiro & Kreisman as a "plaintiff" in the collection letter "is inaccurate since [a] 'plaintiff' . . . is nonexistent until the filing of a lawsuit . . . ." *See Crossley v. Lieberman,* 868 F.2d 566, 571 (3d Cir.1989). When the Court reads that "[l]egal proceedings have been instituted or will be instituted as soon as possible *notwithstanding this Notice* " in conjunction with an attorney's signature, the context reveals a strong indication that a lawsuit has commenced. Assuming these facts are true, it is possible that Plaintiff could prevail on the theory that Defendant's collection letter violated §§ 1692e, 1692e(5), 1692e(10) and 1692f. As a result, Defendant's Motion to Dismiss on these grounds is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 17th day of April, 2001, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 2); Plaintiff's Answer to Motion to Dismiss Filed by Defendant Shapiro & Kreisman (Docket No. 8); Reply Memorandum of Law in Support of Defendant's Motion to Dismiss (Docket No. 10) and Plaintiff's Sur–Reply Brief in Opposition to

Defendant's Reply Memorandum of Law in Support of Defendant's Motion to Dismiss (Docket No. 11), IT IS HEREBY ORDERED that said Motion is **DENIED.**