**In re Hattie WILLIAMS, Debtor.**

**Hattie Williams and Edward Sparkman, Plaintiffs,**

**v.**

**EMC Mortgage Corp., Defendant.**

**Bankruptcy No. 00–31151–KJC. Adversary No. 01–255.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 8, 2002.

Jane B. Macelhenney, Schroeder & Macelhenney, Philadelphia, PA, for Debtor.

Edward Sparkman, Philadelphia, PA, trustee.

**MEMORANDUM**

KEVIN J. CAREY, Bankruptcy Judge.

Hattie Williams (the "Debtor") filed a complaint against the defendant, EMC Mortgage Corporation ("EMC"), commencing this adversary proceeding on April 26, 2001. On May 24, 2001, EMC filed a Motion to Dismiss. After EMC filed the Motion to Dismiss, the debtor filed an amended complaint on July 30, 2001 (the "Complaint"), which included a second count.[1] EMC filed an answer to debtor's Complaint on August 30, 2001. For the reasons set forth in this Memorandum, EMC's Motion to Dismiss will be granted, in part.

**LEGAL STANDARD**

In considering the Motion to Dismiss, I must accept as true the facts alleged in the Debtor's Complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) may be granted only if it is certain that the Debtor is not entitled to relief under any set of facts that could be proved consistent with the allegations in her Complaint. *Greer v. Shapiro & Kreisman,* 152 F.Supp.2d 679, 682 (E.D.Pa.2001) (citations omitted).

---

1. EMC has not filed any objection or challenge to the Debtor's filing of an amended complaint in this matter. The claim added by the second count is not implicated by EMC's Motion to Dismiss; neither does the amendment render the motion moot.

## FACTUAL ALLEGATIONS

The Debtor's Complaint includes the following factual allegations: U.C. Lending Corporation ("UCLC") and the Debtor entered into a loan transaction on March 12, 1997. (Complaint, ¶ 6). The March 12, 1997 loan was for a principal amount of "less than $30,000," repayable in 179 payments of $373.73 beginning May 1, 1997, and one payment of $375.70 on April 1, 2012. (Complaint, ¶ 6 and Exhibit "A"). The interest rate on the loan was more than 13% per annum and the payments included an "origination fee" of $3,277.70 and a "loan fee" of $295, payable to UCLC. *Id.* The Debtor had no knowledge of the "tremendous front-end charges." (Complaint, ¶ 6). Exhibits "A" and "B" to the Complaint are copies of the Truth in Lending Disclosure Statement and Settlement Statement received by the Debtor in connection with this loan. *Id.* The loan was secured by a mortgage on 2632 N. 31st Street, Philadelphia, PA 19132. (Exhibit "A"). The Debtor asserts that she did not receive any pre-settlement disclosures regarding the terms of the transaction as required by 15 U.S.C. § 1639(b). (Complaint, ¶ 7).

On or about March 1, 1999, UCLC filed a chapter 11 bankruptcy case. (Complaint, ¶ 8). UCLC "emerged from bankruptcy" on or about December 31, 2000. (Complaint, ¶ 8).

On November 14, 2000, UCLC filed a secured proof of claim in the Debtor's bankruptcy case in the total amount of $36,729.39. (Complaint, ¶ 9). At about the same time, the Debtor received a letter from EMC indicating that, as of November 30, 2000, the loan was transferred to EMC.

(Complaint, ¶ 10). On January 24, 2001, the Debtor's attorney sent a letter to EMC electing to rescind the loan transaction pursuant to the Truth–in–Lending Act. (Complaint, ¶ 11). EMC has not taken any action in response to the Debtor's rescission of the loan.[2] (Complaint, ¶ 11).

## DISCUSSION

In its Motion to Dismiss, EMC argues that the Debtor's Complaint must be dismissed under Fed.R.Civ.P. 12(b)(6), made applicable hereto by Fed.R.Bankr.P. 7012, because the relief requested by the Debtor is barred by 15 U.S.C. § 1635(f). Section 1635(f) provides that a borrower's right to rescind certain consumer credit transactions, as set forth in 15 U.S.C. § 1635(a), "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first ..." 15 U.S.C. § 1635(f). Because the loan transaction was consummated on March 12, 1997, EMC argues that Debtor's attempted rescission on January 24, 2001 was untimely and the Complaint should be dismissed.

In response to the Motion to Dismiss, the Debtor asserts four alternate reasons as to why the time limitation in § 1635(f) does not apply in her case.

█ First, the Debtor argues that § 1635(f) does not prevent the Debtor from raising her claims defensively as a recoupment claim in response to EMC's proof of claim. Bankruptcy courts have recognized a borrower's right to assert defensively statutory damages under the Truth in Lending Act as a recoupment claim, even after the expiration of the one-year statute of limitations set forth in 15

<hr>

2. For purposes of the Motion to Dismiss, I accept the facts alleged in the Complaint as true, although I note that EMC answered this allegation by claiming that EMC's counsel and debtor's counsel "have communicated

several times" concerning the debtor's rescission letter. Defendant's Answer to Plaintiff's Amended Complaint, filed August 30, 2001, at ¶ 11.

U.S.C. § 1640(e). *In re Roberson*, 262 B.R. 312, 322 (Bankr.E.D.Pa.2001); *In re Samsa*, 86 B.R. 863 (Bankr.W.D.Pa.1988). However, in *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), the United States Supreme Court held that a borrower may not assert the statutory right of *rescission* as a recoupment defense beyond the three-year expiration period set forth in § 1635(f), writing, "We respect Congress's manifest intent by concluding that the Act [TILA] permits no federal right to rescind, defensively or otherwise, after the 3 year period of § 1635(f) has run." *Beach*, 523 U.S. at 419, 118 S.Ct. 1408.

Second, the Debtor argues that Pennsylvania law extends the time period for rescission to four years. 15 U.S.C. § 1635(i)(3) provides that "[n]othing in this subsection affects a consumer's right of rescission in recoupment under State law." *See Beach*, 523 U.S. at 418, n. 6, 118 S.Ct. 1408. The bankruptcy court in *Fidler v. Central Cooperative Bank (In re Fidler)*, 226 B.R. 734 (Bankr.D.Mass.1998) concluded that specific language in a Massachusetts statute permitted a borrower to assert rescission as a defensive recoupment claim after the applicable three-year expiration period. *Fidler*, 226 B.R. at 737. However, no similar state law exists in Pennsylvania. *Roberson*, 262 B.R. at 319–20. The Debtor cites to two Pennsylvania statutes (41 P.S. § 401 "Disclosure Requirements", and 41 P.S. § 502 "Usury and excess charges recoverable") in support of her argument, but, unlike the statute in *Fidler*, neither statute provides rescission rights to the borrower or reserves a borrower's recoupment rights.

Third, the Debtor argues that the time period for rescission in § 1635(f) was tolled by UCLC's bankruptcy filing, pursuant to 11 U.S.C. § 108(c). Section 108(c) states, in relevant part:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement *fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor*, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922–1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c)(emphasis added). The plain language of Section 108(c) provides an extension of time for "commencing or continuing a civil action in a court other than a bankruptcy court." However, the time period of Section 1635(f) does not fix a time period for bringing or continuing a civil action. In *Beach*, the Supreme Court wrote: "[Section 1635(f)] says nothing in terms of bringing an action but instead provides that the 'right of rescission [under the Act] shall expire' at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." *Beach*, 523 U.S. at 417, 118 S.Ct. 1408.[3]

---

**3.** Even if, presumably, the Debtor would have to bring a lawsuit against EMC to enforce her right of rescission, this will not convert § 1635(e) into a statute of limitations that fixes the period for commencing a civil action, thereby falling within the language of § 108(c). *See Hazen State Bank v. Speight*, 888 F.2d 574, 577 (8th Cir.1989)(The court

■ Finally, the Debtor also argues that the time period of § 1635(f) should be tolled during UCLC's bankruptcy under the concepts of equitable tolling. However, in *Beach*, the Supreme Count concluded that § 1635(f) was not a statute of limitation. *Beach*, 523 U.S. at 416–17, 118 S.Ct. 1408. Accordingly, it is not subject to equitable tolling. *Roberson*, 262 B.R. at 319, n. 8, citing *Jones v. Saxon Mortgage, Inc.*, 161 F.3d 2, 1998 WL 614150, *5 *6 (table decision; published on Westlaw); *Shaw v. Federal Mortgage & Investment (In re Shaw)*, 178 B.R. 380, 386 (Bankr. N.J.1994); and *Ramadan v. The Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir.1998)(reasoning that equitable tolling applies to the one-year statute of limitations in § 1640(e) because it is unlike § 1635(f) wherein "Congress explicitly linked the right and the remedy."). As further explained by the Fourth Circuit Court of Appeals in *Jones:*

> All the parties to this lawsuit concede that § 1635(f) is a statute of repose and not a statute of limitation. This distinction is key to this case. A statute of limitations "is a procedural device that operates as a defense to limit the remedy available from an existing cause of action." *First United Methodist Church of Hyattsville v. United States Gypsum Co.*, 882 F.2d 862, 865 (4th Cir.1989), *cert denied*, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990). One of the purposes of a statute of limitations is to encourage prompt resolution of disputes and to provide to defendants a mechanism to dispose of stale claims. *Id.* at 866. In this regard, "the terms of a typical statute of limitations provide that a cause of action may or must be brought within a certain period of time." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 1412, 140 L.Ed.2d 566 (1998).
>
> In contrast, a statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. *First United Methodist Church of Hyattsville*, 882 F.2d at 865. Statutes of repose are motivated by "considerations of the economic best interest of the public as a whole and are . . . based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists." *Id.*
>
> Given these differences between statutes of limitations and statutes of repose, it is understandable that a statute of limitations is tolled by a defendant's fraudulent concealment. To disallow tolling when a defendant has fraudulently concealed an injury would permit a defendant to use a device, that was created out of considerations of fairness, inequitably. *Id.* Similarly, it is easy to understand why a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason. *Id.* To permit tolling of a statute of repose would upset the economic best interests of the public as a whole.

*Jones,* 1998 WL 614150, at *5–*6. The Debtor cites the Third Circuit Court of Appeals case *In re Taylor,* 81 F.3d 20 (3d Cir.1996), to support her "equitable tolling" argument. However, in a case involving similar issues, the U.S. Supreme Court recently held that "three-year lookback pe-

concluded that § 108(c) did not extend an expiration date contained in a subordination agreement between secured creditors, writing "Even if the only way the Bank could have protected its priority status under the terms of the [subordination] agreement was to file suit . . ., this fact does not make the agreement one which comes under the provisions of section 108(c).").

riod" contained in 11 U.S.C. § 507(a)(8)(A)(i) is *a statute of limitations,* subject to equitable tolling. *Young v. United States,* —— U.S. ——, 122 S.Ct. 1036, 1039, 152 L.Ed.2d 79 (2002). Therefore, *Taylor* does not support the Debtor's argument regarding equitable tolling of § 1635(f).

Accordingly, § 1635(f) renders the Debtor's belated attempt to rescind the loan transaction invalid. EMC's Motion to Dismiss is granted, in part, with respect to any claim for rescission of the March 12, 1997 loan transaction, whether asserted affirmatively or defensively as recoupment.