**In re Carolyn THOMAS, Debtor.**

**Carolyn Thomas, Plaintiff,**

**v.**

**GMAC Residential Funding Corp., and Trust One Mortgage Corp., Defendants.**

**Bankruptcy No. 02–21838–DK. Adversary No. 02–1434.**

United States Bankruptcy Court, D. Maryland, at Greenbelt.

June 18, 2003.

Scott C. Borison, Frederick, MD, for debtor.

### ORDER GRANTING MOTION TO DISMISS

DUNCAN W. KEIR, Bankruptcy Judge.

For the reasons set forth in the attached Memorandum of Decision, the court grants the Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative, Summary Judgment.

### MEMORANDUM OF DECISION

GMAC Residential Funding Corporation ("GMAC" or "Defendant") filed a Motion to Dismiss Plaintiff's Complaint or in the Alternative, Summary Judgment (the "Motion"), that is now pending before the court. Plaintiff Carolyn A. Thomas

("Thomas" or "Plaintiff") filed an opposition to the Motion. On March 5, 2003, the court held a hearing on the Motion, and, after considering the arguments put forth by counsel, reserved its decision, holding the record open for further submissions from counsel.

The court has reviewed Defendant's Motion, including its supplemental filings, Plaintiff's opposition thereto, including her supplemental filings, and the post-hearing submissions. The court finds that the facts and legal arguments are adequately presented in the materials before it, and that a further hearing would not aid the decisional process. For the following reasons, the court shall grant Defendant's Motion.

Plaintiff initiated this adversary proceeding on October 15, 2002 by filing a Complaint (the "Complaint") against Defendant and Trust One Mortgage Corporation.[1] In the Complaint, Plaintiff alleged that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601 et. seq. (the "TILA") in connection with a second mortgage on Plaintiff's property located at 12406 Saint Paul Road, Clear Spring, Maryland 21722 (the "Loan Transaction"). Plaintiff alleged that the initial mortgage holder was Trust One, and that upon information and belief, the current mortgage holder is Defendant.

According to the Complaint, the mortgage amount was $35,000, at an annual percentage rate of 14.9584 percent. In addition, Plaintiff alleged that the Loan Transaction was consummated on October 14, 1999.[2] Plaintiff alleged that she was not given notice of the right to cancel the Loan Transaction, as required by the TILA, and as such, she was electing her right to rescind the transaction pursuant to § 1635(f) of the TILA. 15 U.S.C. § 1635(f). Plaintiff gave notice of her election to rescind by the Complaint.

Defendant filed its Motion in lieu of an answer on November 27, 2002. In the Motion, Defendant argued that pursuant to Federal Rule of Civil Procedure 12(b)(6),[3] the Complaint should be dismissed because it was filed on October 15, 2002, more than three years after the date that the Loan Transaction was consummated. Defendant cited § 1635(f) of TILA in support of its argument that Plaintiff's election to rescind (via the Complaint) was not timely. In addition, Defendant argued that the Loan Transaction was actually consummated on October 6, 1999, rather than on October 14, 1999, as alleged by Plaintiff.

In Plaintiff's Response to the Motion, Supplemental Response and Supplemental Points and Authorities, the primary focus of her argument was that the Loan Transaction was consummated on October 14, 1999. Citing Maryland law, Plaintiff argued that a loan is not consummated until the lender makes a loan commitment or until the borrower receives a settlement statement, which in this case, did not happen until October 14, 1999. Because October 14, 2002 was a federal holiday, Plaintiff argued, her filing of the Complaint on October 15, 2002 was timely under Federal

---

1. Trust One Mortgage Corporation ("Trust One") filed an answer in this adversary proceeding on December 12, 2002. Trust One filed an amended answer on March 17, 2003, after the court granted leave to do so at the hearing held in this case on March 5, 2003.

2. This allegation is contested by Defendant.

3. Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), provides that a party may move to dismiss a cause of action for failure of the pleading to state a claim upon which relief can be granted.

Rule of Bankruptcy Procedure 9006 ("Rule 9006"). Plaintiff argued further that § 108 of the Bankruptcy Code acted to provide an additional sixty days after the order for relief within which the Debtor could file actions such as her action to rescind the Loan Transaction.[4]

In response to Plaintiff's pleadings, Defendant filed a Reply Memorandum, Supplement to the Reply and Supplemental Points and Authorities. Defendant argued that even if the Loan Transaction was consummated on October 14, 1999, Plaintiff's notice of rescission was untimely because neither Rule 9006 nor § 108 of the Bankruptcy Code applied to extend the time for notice to be given. Defendant cited *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) for the proposition that the time limitation in § 1635(f) of TILA, upon which Plaintiff relies, is not a statute of limitation but instead provides for a right's duration, and thus cannot be extended. In addition, Defendant argued that a notice of rescission is effective only upon receipt by the lender, not by the filing of the Complaint.

■ A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to adversary proceedings pursuant to Fed. R. Bankr.P. 7012(b), should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Faulkner Advertising Assoc. v. Nissan Motor Corp.*, 905 F.2d 769, 771–72 (4th Cir.1990). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In making such a determination, the court must accept as true all well pleaded allegations in the complaint, and all reasonable inferences that may be drawn therefrom, in the light most favorable to Plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); *Hemelt v. Pontier (In re Pontier)*, 165 B.R. 797, 798 (Bankr.D.Md. 1994).

■ Here, Plaintiff's cause of action arises under § 1635 of TILA. Section 1635 provides that a borrower must be given notice of his or her right to rescind the transaction for three days following the consummation of the loan transaction. If this notice is not given, § 1635(f) provides that the borrower's right of rescission "shall expire" three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first. Although there is a dispute of fact as to whether the Loan Transaction was consummated on October 14, 1999 or prior to that date, the dispute is not material to the determination of the pending Motion. Even if the Loan Transaction was not consummated until October 14, 1999, Defendant's Motion must be granted. The court finds it unnecessary to determine whether or not the Loan Transaction was consummated on a date earlier than October 14, 1999 because its decision on the remaining points makes that determination moot.

■ The court first addresses Plaintiff's argument that Rule 9006 allowed the Complaint to be timely filed on October 15,

---

4. In Plaintiff's Supplement to Her Response in Opposition to Motion to Dismiss, filed January 13, 2003, Plaintiff cited to Trust One's answer in support of her argument that the Loan Transaction was consummated on October 14, 1999. However, Plaintiff withdrew this argument at the hearing held on March 5, 2003, following Trust One's representation that it planned to amend its answer.

2002 because October 14, 2002 was a federal holiday.[5]

The method by which a borrower must exercise a right to rescind is provided in 12 C.F.R. § 226.23(a)(2), which requires a borrower to "notify the creditor of the rescission by mail, telegram or other means of written communication." Here, Plaintiff gave notice to Defendant of her election to rescind by means of the Complaint.[6] Plaintiff does not allege that she gave notice by any other means, despite having the option to give notice by "mail, telegram or other means of written communication."

Because Plaintiff had the option of giving notice of her election to rescind by a method other than the filing of a complaint, she was not bound to the use the federal courts to give notice. Specifically, she was not obligated by § 1635(f) to commence an adversary proceeding to give notice of her intent to rescind. Plaintiff argues that Rule 9006 provided an extension of time for her to give notice of her election to rescind the Loan Transaction. Rule 9006 is similar to Federal Rule of Civil Procedure 6, which provides the method for computing periods of time, including a provision that if the last day of a time period for taking an action is a legal holiday, the time period runs until the end of the following day.[7] Here, because Plaintiff's notice of election to rescind was not required to have been brought in this bankruptcy case, the Federal Rules of Bankruptcy Procedure do not extend the statutory time for Plaintiff to give notice of her election to rescind. Just because Plaintiff elected to file a complaint as opposed to sending notice by mail does not enhance her statutory rights.

Thus, even if the court accepts as true Plaintiff's allegation that the Loan Transaction was consummated on October 14, 1999, as the court must for Defendant's dispository motion, Plaintiff's notice of election to rescind the Loan Transaction was not timely when she filed her Complaint on October 15, 2002. Her right to give notice of her election to rescind expired on October 14, 2002, three years after the consummation of the Loan Transaction.[8]

A review of the differences between § 1635(f) and § 1640(e), a separate section of the TILA that also provides time limitations for TILA violations, may be helpful in understanding the court's decision. Section 1640(e) reads as follows: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." Various courts have held that actions brought under § 1640(e) are subject to Federal Rule of Civil Procedure 6. *See e.g. Lawson v. Conyers Chrysler, Plymouth and Dodge Trucks, Inc.,* 600 F.2d 465, 466 (5th Cir.

---

**5.** The Court takes judicial notice of the facts that Plaintiff filed her Complaint on October 15, 2002, and that October 14, 2002 was Columbus Day, a federal holiday.

**6.** The Court does not address the legitimacy of giving notice of an election to rescind by the filing of a complaint.

**7.** There are some marked differences between these rules but those difference are not relevant to this matter.

**8.** Although unnecessary to the court's decision, the court observes that undisputedly the Plaintiff did not mail the Complaint to the Defendant (as notice) when it was filed. The transmission of the Complaint to the Defendant did not occur until after the summons was issued as certified by the return thereupon. While this is correct procedure pursuant to Federal Rule of Bankruptcy Procedure 7004, it appears no written communication was addressed to Defendant until the Complaint was served on October 22, 2002.

1979); *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 150 (E.D.Pa. 1981), aff'd 688 F.2d 822 (3rd Cir.1982); *McMillon v. Budget Plan of Virginia*, 510 F.Supp. 17, 19 (E.D.Va.1980).

Unlike § 1640(e), § 1635(f) provides a period in which notice must be given, rather than a time period in which a court action must be filed. The meaning of the language "shall expire" in § 1635(f) and the differences between §§ 1635(f) and 1640(e) were discussed in *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). In *Beach*, the Court found that the "plain language" of § 1635(f) is clear that the subsection is not a statute of limitation. *Id.* at 415–416, 118 S.Ct. 1408.

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the underlying right as well.... It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Id.* at 417, 118 S.Ct. 1408. The Court contrasted the provisions of § 1635(f) with those of § 1640(e) on the issue of recoupment, finding that while § 1640(e) had a specific provision to allow for claims under the TILA to be asserted by recoupment after the one-year limitation, § 1635(f) did not have any such provision. *Id.* at 417–418, 118 S.Ct. 1408. The Court found that there was no provision in § 1635(f) for rescission as a defense that would "mitigate the uncompromising provision of

§ 1635(f) that the borrower's right 'shall expire' with the running of the time." *Id.* at 418, 118 S.Ct. 1408. The Court concluded by saying, "[w]e respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3–year period of § 1635(f) has run." *Id.* at 419, 118 S.Ct. 1408.

■ Finally, Plaintiff's argument that § 108 of the Bankruptcy Code operated to give Plaintiff sixty days from the date of the filing of the petition to give her notice of rescission of the Loan Transaction cannot prevail.[9] Section 108 does not operate to toll the time for a debtor to rescind a transaction under § 1635(f) of the TILA. *See In re Williams*, 276 B.R. 394 (Bankr. E.D.Pa.2002). The court in *Williams* held that § 108(c) of the Bankruptcy Code does not toll the time period for rescission under § 1635(f) of the TILA based on the "plain language" of § 108(c). *Id.* at 397. The court noted that § 108(c) of the Bankruptcy Code provides an extension of time for commencing or continuing a civil action, but that § 1635(f) of the TILA does not fix a time period for bringing or continuing a civil action. *Id.* Instead, the court found that § 1635(f) provides for the duration of the right to rescind, making § 108(c) inapplicable. *Id.* (citing *Beach*, 523 U.S. at 417, 118 S.Ct. 1408). Following the same reasoning that § 1635(f) of the TILA provides for a right's duration, this court finds that § 108 of the Bankruptcy Code does not provide Plaintiff sixty days from the filing of her petition to give notice of her intent to rescind the Loan Transaction.

**9.** In Plaintiff's Supplement to Her Response in Opposition to Motion to Dismiss by Defendant Residential Funding Corporation, the Plaintiff requests an opportunity to amend to assert an objection to the Defendant's proof of claim. As an objection to a proof of claim is more properly brought in the main bankruptcy case and not in this related proceeding, and as no bar date exists for filing objections to claims, an order concerning a potential objection to claim is not appropriate.

Accordingly, for the reasons stated above, the Defendant's Motion to Dismiss is GRANTED.