Carolyn THOMAS, Debtor, Appellant,

v.

GMAC RESIDENTIAL FUNDING
CORPORATION, et al.,
Appellees.

No. RWT 03–CV–2087.

United States District Court,
D. Maryland.

April 12, 2004.

Scott C. Borison, Legg Law Firm LLC,
Frederick, MD, for Appellant and Debtor.

Harry Levy, Martin Baer Ellis, Shu-
maker Williams PC, Towson, MD, Michael
G. Rinn, Law Offices of Michael G. Rinn,
Cockeysville, MD, for Appellees.

## MEMORANDUM OPINION

TITUS, District Judge.

This is an appeal from a decision of the
United States Bankruptcy Court for the
District of Maryland, issued on June 18,
2003, dismissing as untimely an adversary
proceeding complaint filed by Appellant,
Carolyn Thomas ("Thomas"), against
GMAC Residential Funding Corporation
("GMAC") and Trust One Mortgage Cor-
poration ("Trust One"). For the reasons
that follow, the court will reverse the deci-
sion of the Bankruptcy Court and remand
the case to that court for further proceed-
ings.

## BACKGROUND

On October 14, 1999, Thomas obtained a
second mortgage loan from Trust One
Mortgage Corp. (herein "Trust One") on a
property located at 12406 Saint Paul Road,
Clear Spring, Maryland, 21722 (the "Loan
Transaction").[1]

Just short of three years later, Thomas
filed for Chapter 13 bankruptcy protection

---

1. Trust One disputed that the loan was con-
summated on October 14, 1999, claiming in-
stead that it was consummated on October 6,
1999. As did the Bankruptcy Court, this
Court will assume, for purposes of this ap-
peal, that the loan was consummated on Oc-
tober 14, 1999.

in the United States Bankruptcy Court for the District of Maryland ("the Bankruptcy Court") on October 11, 2002. As part of that bankruptcy, Thomas initiated an adversary proceeding against GMAC[2] and Trust One on October 15, 2002,[3] claiming that Trust One, the initial mortgage holder, had not given her notice of the right to cancel the Loan Transaction as required under the Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1601 *et seq.*, specifically, § 1635(a), and as such was exercising her right to rescind the transaction under § 1635(f).

GMAC moved to dismiss the adversary proceeding on the basis that it had been filed beyond the three-year right of rescission period articulated in § 1635(f). Thomas argued that the action was timely under 11 U.S.C. § 108(a) or (b) or alternatively under Fed.R.Civ.P 6(a). The Bankruptcy Court concluded, relying on *Beach v. Ocwen Federal Bank,* 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), that Thomas' right to give notice of her election to rescind the Loan Transaction expired on October 14, 2004. *See* Order Granting Mot. to Dismiss at 7. The Bankruptcy Court held that § 108 of the Bankruptcy Code did not "toll the time period for rescission under § 1635(f)," *id.* at 8, and that Bankruptcy Rule 9006, which is similar to Fed.R.Civ.P. 6, did not extend the statutory time to give notice of the election to rescind. *Id.* at 6.

On appeal, Thomas argues that the Bankruptcy Court erred as a matter of law in concluding that (1) 11 U.S.C. § 108(b)[4] did not extend the time for Thomas to provide notice of rescission to Trust One

by sixty (60) days from the time that the bankruptcy petition was filed; (2) the limitations found in 15 U.S.C. § 1635(f) are not tolled by the filing of a complaint on the next business day following a federal holiday; and (3) the filing of the complaint did not toll the limitation under 15 U.S.C. § 1635(f). Appellant's Br. at 2.

## STANDARD OF REVIEW

On appeal from a decision of a bankruptcy court, a district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo. See Canal Corp. v. Finnman,* 960 F.2d 396, 399 (4th Cir.1992).

## DISCUSSION

The proper starting point for the Court's analysis is to recognize the general rule that "when two statutes are capable of coexistence," as the Court finds the relevant provisions here to be, "it is the duty of the courts, absent clearly expressed Congressional intentions to the contrary, to regard each as effective." *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974); *In re Moore,* 907 F.2d 1476, 1479 (4th Cir.1990). This maxim, which requires the Court to give 15 U.S.C. § 1635(f) and 11 U.S.C. § 108(b) their full effect, resolves the issue presented on appeal.

### Section 1635(f) of the TILA

Under § 1635 of the TILA a consumer has three business days, without penalty, to rescind any credit transaction that uses the consumer's principal home as security.

---

**2.** According to Thomas, Trust One was the initial mortgage holder, but the current holder is GMAC. *See* Order Granting Mot. to Dismiss at 2.

**3.** The Bankruptcy Court took judicial notice of the fact that October 14, 2002 was Colum-

bus Day, a federal holiday. Order Granting Mot. to Dismiss at 5 n. 5. The Complaint was served on October 22, 2002. *Id.* at 7 n. 8.

**4.** On appeal, Thomas does not argue that argue that § 108(a) applies.

*See* 15 U.S.C. § 1635(a). The consumer exercises the right to rescind under this provision "by notifying the creditor, in accordance with regulations of [the Federal Reserve] Board, of [the consumer's] intention to do so." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23.

To ensure that important statutory rights do not slip away before the consumer has full knowledge of the transaction, the statute delays the beginning of the rescission period until the creditor delivers a statement containing the material disclosures, such as the amount financed and the total of payments. *See* 15 U.S.C. § 1635(a). If the creditor never delivers such a statement, the consumer has a continuing right to rescind until "three years after the date of consummation of the transaction or ... the sale of the property, whichever occurs first...." *Id.* § 1635(f). "Consummation" is defined as "the time that a consumer becomes contractually obligated on the credit transaction." 12 C.F.R. § 226.2(1)(13). This appeal concerns the statutory right of rescission that expires three years after a transaction's consummation.

The Supreme Court has held that the three-year right of rescission is not a statute of limitations, but is instead a complete bar to assertion of the right to rescind. *Beach*, 523 U.S. at 412, 118 S.Ct. 1408. As expressed by the Court in *Beach*,

> Section 1635(f) ... takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on

the time for seeking a remedy superfluous.

*Id.* at 417, 118 S.Ct. 1408. The Fourth Circuit has adopted *Beach's* holding that the statute's three-year period articulates a statute of repose and not a statute of limitations. *Jones v. Saxon Mortgage, Inc.*, 1998 U.S.App. LEXIS 22101 (Oct. 8, 1998) (published) (holding that the time period stated in § 1635(f) was not tolled by a claim of fraudulent concealment). In *Jones,* the court explained:

> a statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. *First United Methodist Church of Hyattsville v. United States Gypsum Co.*, 882 F.2d 862, 865 (4th Cir.1989). Statutes of repose are "motivated by considerations of the economic best interest of the public as a whole and are based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists." *Id.*

*Jones,* 1998 U.S.App. LEXIS 22101. By its terms, the court stated in *Jones,* § 1635(f) " 'precludes a right of action after a specified period of time rather than' providing that a cause of action must be brought within a certain period of time after the cause of action accrued." *Id.* (citations omitted). And, the court observed that "[b]ecause § 1635(f) is a statute of repose, the time period stated therein is typically not tolled for any reason." *Id.* (citing *First United Methodist Church of Hyattsville v. United States Gypsum Co.*, 882 F.2d 862, 865 (4th Cir.1989)).

Neither the statute, nor decisional law interpreting § 1635(f), however, precludes the application of § 108 of the Bankruptcy Code in this case.

Section 108 of the Bankruptcy Code

The purpose of § 108 of the Bankruptcy Code is to extend the time for certain actions by or against the debtor in possession or the trustee following the commencement of a bankruptcy case. Section 108 reads:

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may *commence an action,* and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

(b) [I]f applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, *notice,* or proof of claim or loss, cure a default, or *perform any other similar act, and such period has not expired before the date of the filing of the petition,* the trustee may only file, cure, or perform, as the case may be, before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and (2) 60 days after the order for relief.

(c) [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for *commencing or continuing a civil action* in a court other than a bankruptcy court on a *claim against the debtor,* or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108 (emphasis added). Although § 108 refers only to the trustee, it is generally accepted that debtors in possession enjoy the same privilege. *See In re Froehle,* 286 B.R. 94, 100 n. 3 (8th Cir. BAP 2002). The "order for relief," as identified in the statute, issues upon the filing with a Bankruptcy Court of a petition for bankruptcy protection. 11 U.S.C. § 301.

While the extensions referenced in § 108(a) and (c) relate to "commencing or continuing an action," § 108(b) also applies to the filing of any "notice" or the "doing of some other act that is required to preserve the debtor's rights." *See* S. Rep. 95–989, 95th Cong., 2d Sess. 30 (1978) U.S.Code Cong. & Admin. News p. 5816. The House and Senate committee reports explained the scope of § 108 as follows:

Subsections (a) and (b), . . ., permit the trustee, when he steps into the shoes of a debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights. Subsection (a) extends any statute of limitation for commencing or continuing an action by the debtor to two years after the date of the order for relief, unless it would expire later. *Subsection (b) gives the trustee 60 days to take other actions, not covered under subsection (a),* such as filing a pleading, demand, notice, or proof of claim or loss (such as an insurance claim), *unless the period for doing the relevant act expires later than 60 days after the date of the*

*order for relief.* Subsection (c) extends the statute of limitations for creditors. *Id.* (emphasis added); *see also* H.R. Rep. No 595, 95th Cong., 1st Sess. 318 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6275.

Here, the Bankruptcy Court, following *Williams v. EMC Mortgage Corp. (In re Williams),* 276 B.R. 394 (Bankr.E.D.Pa. 2002), held that " § 108 d[id] not provide Thomas sixty days from the filing of her petition to give notice of her intent to rescind the Loan Transaction." Order Granting Mot. to Dismiss at 9. *Williams,* however, addressed the language in § 108(c), not § 108(b). *See Williams,* 276 B.R. at 397. The court in *Williams* reasoned that § 1635(f), which the Supreme Court has held does not fix a time period for bringing or continuing a civil action, did not trigger the extension provided by § 108(c), which operates where "applicable nonbankruptcy law, ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor." *See id.*

■ The issue in the case *sub judice* is different; it concerns the exercise of the right to rescind—effectuated through the giving of notice—which had not expired prior to the filing of the petition in bankruptcy, and that Thomas effected within 60 days after the "order for relief" issued.[5] *See* 11 U.S.C. § 108(b). In holding that § 108 did not provide a 60 day extension from the filing of her bankruptcy petition to give notice of intent to rescind the Loan Transaction, the Bankruptcy Court focused exclusively on § 108(c). *See* Order Granting Mot. to Dismiss at 8–9. However, it overlooked the fact that by its terms, § 108(b) expressly guards against the expiration of the underlying right by extend-

ing the period to perform certain acts, but only where "such period has not expired before the filing of the petition." 11 U.S.C. § 108(b). Where, as here, Thomas' bankruptcy petition was filed on October 11, 2003, and the right to rescind—effectuated through the giving of notice to rescind—did not expire until three days later on October 14, 2003, the extension in § 108(b) was applicable because the right to rescind was effected on October 14th, within 60 days after the date of the order for relief. *See* 11 U.S.C. § 301.

Having found that the adversary action brought by Thomas was not untimely in light of the 60 day extension given to a debtor in possession under § 108(b) to take certain actions, here the giving of notice, the Court need not address the alternative basis for appeal.

## CONCLUSION

For the reasons stated above, this Court concludes that the Bankruptcy Court erred in dismissing as untimely the adversary proceeding brought by Thomas. Therefore, by separate order the decision of that court will be REVERSED and the case REMANDED to that court for further proceedings in accordance with this Memorandum Opinion.

## *ORDER*

Having considered the briefs filed by the parties, the record on appeal, the arguments presented by counsel at a hearing held on February 23, 2004, and for the reasons stated in the Memorandum Opinion filed in conjunction with this Order, it is this 12th day of April, 2004, by the United States District Court for the District of Maryland,

---

5. In *Jones v. Saxon Mortgage, Inc.,* 1998 U.S.App. LEXIS 22101 (October 8, 1998) (published), the Fourth Circuit observed that

courts have held that the filing of a lawsuit is sufficient written communication of the borrower's election to rescind under the TILA.

**ORDERED**, that the decision of the Bankruptcy Court is, and shall be, **REVERSED**; it is **FURTHER ORDERED**, that the case is, and shall be, **REMANDED** to the Bankruptcy Court for further proceedings; and it is

**FURTHER ORDERED**, that the Clerk is directed to close the case.