In re John W. FIDLER and Helen
M. Fidler, Debtors.

John W. FIDLER and Helen
M. Fidler, Plaintiffs,

v.

CENTRAL COOPERATIVE
BANK, Defendant.

Bankruptcy No. 96–10678–WCH.
Adversary No. 96–1270.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

Oct. 26, 1998.

John F. Cullen, Cullen & Cullen, P.A.,
Boston, MA, for Debtor.

Paul D. Gallese, Zuroff, Rosen, Baumberg & Gallese, Wellesley, MA, for Central Cooperative Bank.

## DECISION ON DEFENDANT'S MOTION TO DISMISS

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. *Factual Background* [1]

On January 24, 1980, the plaintiffs in this adversary proceeding, John W. Fidler and Helen M. Fidler (the "Fidlers"), purchased real property located at 6 Cross Street, Charlestown, Massachusetts (the "Property").[2] It is their primary dwelling. In December 1983, they refinanced the Property, borrowing $32,500 from the Defendant, Central Cooperative Bank ("Central"), secured by a first mortgage. In May 1986, the Fidlers refinanced the 1983 loan, borrowing $42,000 from Central secured by a replacement mortgage in that amount. In March 1987, the Fidlers obtained an additional loan of $35,500 from Bedford Mortgage Corporation secured by a second mortgage on the Property.

In August 1987, the Fidlers entered into negotiations with Central to refinance the mortgages on the Property. On October 21, 1987, the Fidlers executed an Indexed Adjustable Rate Mortgage Note ("Note") in the principal amount of $80,000 and granted Central a first mortgage on the Property. The Fidlers subsequently defaulted on a number of payments under the Note and on September 5, 1995, counsel for Central sent the Fidlers a Notice of Intent to Foreclose.

On January 31, 1996, the Fidlers filed a petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* On March 14, 1996, Central filed an Amended Proof of Claim, asserting a secured claim in the amount of $89,633.08. On June 4, 1996, the Fidlers commenced the present adversary proceeding, seeking, *inter alia,* a declaration that the 1987 transaction had lawfully been rescinded and that the secured claim asserted by Central is void and unenforceable. The Fidlers' complaint alleges that Central, in conducting the loan transaction, violated both the federal Truth–in–Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws ch. 140D, § 1 *et seq.* ("CCCDA"). A lender's violation of certain provisions of TILA or CCCDA entitles the borrower to rescind the loan transaction. *See* § 1635(a); ch. 140D, § 10(a).[3]

Central responded to the Fidlers' complaint by filing a Motion for Summary Judgment in which it argued, *inter alia,* that the Fidler's TILA and CCCDA recission claims are time barred. *See* § 1635(f); ch. 140D, § 10(f).[4] On June 30, 1997, I issued an order and decision granting in part and denying in part Central's Motion for Summary Judgment and granting summary judgment in favor of the Fidlers on Count 1 of their complaint. *See Fidler v. Central Cooperative Bank (In re Fidler),* 210 B.R. 411 (Bankr. D.Mass.1997) (*"Fidler I"*). Critical to the denial of summary judgment on several counts in the complaint were my holdings (1) that the Fidlers' TILA and CCCDA recission claims were not affirmative claims but rath-

---

**1.** *See Fidler v. Central Cooperative Bank (In re Fidler),* 210 B.R. 411, 414–417 (Bankr.D.Mass. 1997), for a more complete recitation of the facts.

**2.** *Mrs. Helen M. Fidler has since passed away.*

**3.** Section 1635(a) and ch. 140D, § 10(a) are virtually identical and provide, in relevant part:

Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following ...

the delivery of the information and recission forms required under this section together with a statement containing the material disclosures required under this subchapter ... by notifying the creditor ... of his intention to do so.

**4.** Section 1635(f) provides, in relevant part: "An obligor's right of recission shall expire three years after the date of consummation of the transaction ...." Section 10(f) is identical except that it provides a 4–year limitations period.

It is undisputed that the Fidlers' notice of recission on November 30, 1995 occurred more than 4 years after the consummation of the loan transaction on October 21, 1987.

er, were defensive claims of recoupment, and (2) that recission claims brought as claims of recoupment under TILA and CCCDA are not subject to the respective limitation periods in those statutes. *See id.* at 419, 420.

Subsequent to my decision in *Fidler I,* the United States Supreme Court issued its decision in *Beach v. Ocwen Federal Bank,* holding that TILA's three-year limitation period in § 1635(f) does apply to a borrower's right of recission brought as a claim of recoupment. —— U.S. ——, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). In reliance on *Beach,* Central now moves for dismissal of all counts in the Fidlers' complaint pertaining to TILA and CCCDA. Because I also granted summary judgment in favor of the Fidlers on Count 1 of their complaint "on the issue of whether Central's non-numerical disclosures in the September TILA Statement violated TILA," *see Fidler I,* 210 B.R. at 427, I will treat Central's Motion to Dismiss Count 1 as a motion to vacate the granting of summary judgment as well. For the following reasons, Central's motion is granted in part and denied in part.

## II. *Discussion*

### A. *Motion to Dismiss Standard*

The standard for ruling on a motion to dismiss under FED.R.CIV.P. 12(b)(6) requires me to accept the "factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause." *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992). I may grant such a motion "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Id. (quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). The issue for determination is whether the Fidlers' TILA and CCCDA claims are time barred. If I deter-

mine that the Fidlers' claims are barred by an applicable limitations period, dismissal will be appropriate.

### B. *TILA and CCCDA*

■ Both TILA and CCCDA were enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." § 1601(a); *see Beach,* —— U.S. at ——––––, 118 S.Ct. at 1409–10. Both acts provide that a borrower whose loan is secured by his principal dwelling and who has been denied the requisite disclosures may rescind the loan transaction. § 1635; ch. 140D, § 10; *see Beach,* —— U.S. at ——, 118 S.Ct. at 1410. The recission provision of TILA, however, is not the law in Massachusetts. Acting pursuant to its powers under § 1633, the Board of Governors of the Federal Reserve System has exempted credit transactions within Massachusetts subject to CCCDA from chapters two and four of TILA. *See* 48 Fed.Reg. 14882, 14890 (April 6, 1983); *Desrosiers v. Transamerica Fin. Corp. (In re Desrosiers ),* 212 B.R. 716, 722 n. 6 (Bankr.D.Mass.1997).[5] Chapter two of TILA includes §§ 1631 through 1646. Thus, the transaction at issue here is governed not by TILA but by CCCDA.[6]

■ Though it does not govern this case, TILA nevertheless remains relevant to this inquiry. Because TILA was the model on which CCCDA was based, federal court decisions construing TILA are instructive in construing parallel provisions of CCCDA. *See Mayo v. Key Fin. Serv., Inc.,* 424 Mass. 862, 864, 678 N.E.2d 1311 (1997); *Desrosiers,* 212 B.R. at 722.

---

5. Section 1633 provides:
   The Board shall by regulation exempt from the requirements of this part any class of credit transactions within any State if it determines that under the law of that State that class of transactions is subject to requirements substantially similar to those imposed under this part, and that there is adequate provision for enforcement.

6. Even if this case were governed by TILA, § 1635(i)(3), which provides that "[n]othing in this subsection affects a consumer's right of recission in recoupment under State law," would direct my inquiry to CCCDA and other Massachusetts law concerning recoupment.

## C. Statute of Limitations

Central relies on the Supreme Court's recent decision in *Beach* for its proposition that the Fidlers' recission claims are time barred under § 1635(f) and ch. 140D, § 10(f).[7] The Fidlers answer that because their recission claims are in recoupment, they are exempt from those limitations periods. "Recoupment is a purely defensive matter growing out of [a] transaction constituting plaintiff's cause of action and is available only to reduce or satisfy plaintiff's claim and permits of no affirmative judgment." BLACK'S LAW DICTIONARY 1275 (6th ed.1990) (*citing Schroeder v. Prince Charles, Inc.*, 427 S.W.2d 414, 419 (Mo.1968)); *see also United Structures of America, Inc. v. G.R.G. Eng., S.E.*, 9 F.3d 996, 998 (1st Cir.1993). As statutes of limitations merely bar the *bringing* of a suit after a certain period of time, they normally do not bar claims of recoupment because such claims are defensive in nature. *See Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) (holding that defense of recoupment "is never barred by the statute of limitations so long as the main action itself is timely.").

Section 1635(f), however, as interpreted by the Supreme Court, is more than a typical statute of limitations. *See Beach,* —— U.S. at ——, 118 S.Ct. at 1412. It provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Because it provides in such absolute terms that the *right of recission shall expire* after three years, § 1635 bars not just the *bringing* of a suit for recission, it extinguishes *completely* the right to rescind. *See Beach,* —— U.S. at ——, 118 S.Ct. at 1412. Thus, no right of recission under § 1635 exists after three years, whether asserted offensively or defensively.

As stated above, however, this case is governed not by TILA but by CCCDA. While the Supreme Court's opinion in *Beach* settles the law with respect to TILA, it says nothing

of state Truth–in–Lending acts such as CCCDA. The Court itself noted: "Since there is no claim before us that Florida law purports to provide any right to rescind defensively on the grounds relevant under the Act, we have no occasion to explore how state recoupment law might work when raised in a foreclosure proceeding outside the 3–year period." *See* —— U.S. at ——, 118 S.Ct. at 1413, n. 6.

While CCCDA § 10 closely parallels its federal counterpart, § 1635, including the limitation period provision, the two sections are not identical. A 1996 amendment to CCCDA, ch. 140D, § 10(i)(3) provides: "Nothing in this section shall be construed so as to affect a consumer's right of recoupment under the laws of the commonwealth." By inserting this provision, the Massachusetts Legislature has essentially ended any debate over the meaning of the limitations period in ch. 140D, § 10(f). However else it may be construed, one thing is for certain: ch. 140D, § 10(f) does not affect the Fidlers' right of recoupment.

## D. The Fidlers' Right of Recoupment

The common law doctrine of recoupment is a well-established method of reducing "part of the plaintiff's claim because of a right in the defendant arising out of the same transaction." *United Structures of America, Inc.*, 9 F.3d at 998; *see also Mohawk Industries v. United States (In re Mohawk Industries)*, 82 B.R. 174, 176 (Bankr.D.Mass.1987). To demonstrate that a claim is being asserted in recoupment, the following elements must be satisfied: "(1) the TILA violation and the creditor's debt arose from the same transaction, (2) [The claimant] is asserting her claim as a defense, and (3) the 'main action' is timely." *Smith v. American Financial Systems, Inc. (In re Smith)*, 737 F.2d 1549, 1553 (11th Cir.1984); *see also Coxson v. Commonwealth Mortgage Co. of America (Matter of Coxson)*, 43 F.3d 189, 193 (5th Cir.1995). I held in *Fidler I*, and now reaffirm, that the Fidlers satisfied these

---

7. Although the events giving rise to this litigation predated the Supreme Court's decision in *Beach,* that decision has full retroactive effect in this case because it is still an open case subject to

direct review. *See Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

elements and that their claims under TILA and CCCDA were asserted as defensive claims of recoupment. *See* 210 B.R. at 420.

### III. *Conclusion*

In accordance with the Supreme Court's recent pronouncement in *Beach*, I now hold that the Fidler's TILA claims are barred by the three-year limitations period of § 1635(f). Accordingly, treating Central's motion as a motion to vacate the previously granted summary judgment in favor of the Fidlers as to all TILA claims in Count 1, I grant the motion. I also grant Central's Motion to Dismiss as to all TILA claims in Counts 1, 2, 4, 11, and 12. The Fidler's CCCDA claims brought as claims of recoupment are not subject to the limitations period of ch. 140D, § 10(f) and thus, Central's Motion to Dismiss is denied as to all CCCDA claims in Counts 1, 2, 4, 11, and 12. I reaffirm the grant of summary judgment in favor of the Fidlers on Count 1 "on the issue of whether Central's non-numerical disclosures in the September TILA Statement violated [CCCDA]." *See Fidler I*, 210 B.R. at 427.