912 So.2d 696 (2005)
ASSOCIATES FIRST CAPITAL CORPORATION, Appellant,
v.
Wilmatene L. BOOZE, Tyrone L. Booze, and any unknown party in possession of the property sought to be foreclosed herein, Appellees.
No. 2D04-4895.
District Court of Appeal of Florida, Second District.
October 28, 2005.
*697 David J. Tong and Cheryl J. Lister of Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A., Tampa, for Appellant.
Theodore "Ted" E. Karatinos of Prugh, Holliday & Karatinos, P.L., Tampa, and Nina G. Monrose of Nina G. Monrose, P.A., St. Petersburg, for Appellee Wilmatene L. Booze.
No Appearance for Appellee Tyrone L. Booze.
CANADY, Judge.
In this case involving application of the Federal Truth in Lending Act, Associates First Capital Corporation (the Lender) appeals a trial court order granting a full rescission of a refinancing loan to Wilmatene L. Booze and Tyrone L. Booze (the Borrowers). We reverse the trial court's order because the Borrowers had a right to only partial rescission of the loan.
In 1998, the Borrowers and the Lender entered into a loan secured by a mortgage on the Borrowers' home. In 2000, the Borrowers entered into a refinancing loan with the Lender, receiving money to pay off the prior loan as well as an additional $1328.75 to pay transactions costs and $994.01 to pay the 1999 property taxes. In September 2002, the Lender filed a foreclosure complaint against the Borrowers. As an affirmative defense, the Borrowers alleged that the mortgage had been rescinded by the Borrowers through a notice of rescission filed in August 2002. The basis asserted for the rescission was the Lender's failure to give the Borrowers proper notice of their rights. Following a nonjury trial, the trial court issued an order denying foreclosure and rescinding the entire 2000 loan.
On appeal, the Lender argues that the trial court erred in granting a full rescission of the 2000 loan. The Lender contends that because the 2000 loan was a refinancing loan, the law provides for a rescission of only the new money loaned as a result of the refinancing and not the full amount of the money loaned. We agree.
The Federal Truth in Lending Act allows a party who has obtained a loan to rescind that loan within three days if provided sufficient notice of its right to rescind or within three years if not provided such notice. 15 U.S.C. § 1635(a), (f) (2002); 12 C.F.R. § 226.23(a)(3) (2002). The right to rescission does not apply to a "transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance *698 charges of an existing extension of credit by the same creditor secured by an interest in the same property." § 1635(e)(2). The Federal Reserve Board has adopted a regulation that expands on this exemption. The regulation provides that "[t]he right of rescission shall apply, however, to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation." 12 C.F.R. § 226.23(f)(2). "If the refinancing involves a new advance of money, the amount of the new advance is rescindable." 12 C.F.R. § 226.23, Official Staff Interpretations para. 23(f) 4. After rescission, the Borrowers should "be placed in the same position" they were "in prior to entering into the new credit transaction." Id. The Borrowers have not challenged the validity of this regulation.
Under 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, the Borrowers were only entitled to rescind the new money portion of the refinanced mortgage  that is, the portion of the refinancing that exceeded the sum of the original principal balance, finance charges on the original principal balance, and costs of the refinancing. See Porter v. Mid-Penn Consumer Disc. Co., 961 F.2d 1066 (3d Cir.1992); see also Fidler v. Cent. Coop. Bank, 210 B.R. 411 (Bankr.D.Mass.1997), vacated in part on other grounds, 226 B.R. 734 (Bankr.D.Mass.1998). Accordingly, the only portion of the refinanced amount that can be rescinded in this case is the $994.01 loaned to the Borrowers for the 1999 property taxes. The rescission of that portion of the refinancing loan restores the Borrowers to the same position they were in prior to the refinancing.
On appeal, Ms. Booze claims that the Lender failed to perform a condition precedent by failing to respond to the rescission notice within twenty days as required by 15 U.S.C. § 1635(b). If a lender fails to respond within twenty days to the notice of rescission, the ownership of the property vests in the borrowers and they are no longer required to pay the loan. See § 1635(b); Staley v. Americorp Credit Corp., 164 F.Supp.2d 578, 584 (D.Md.2001); Gill v. Mid-Penn Consumer Disc. Co., 671 F.Supp. 1021 (E.D.Pa.1987). However, because 12 C.F.R. § 226.23(f)(2) provides only a partial right of rescission where there is a refinancing, when the Lender failed to respond to the notice of rescission within twenty days, ownership of only the property subject to the right of rescission  the $994.01 loaned for property taxes  vested in the Borrowers without further obligation.
We therefore reverse the trial court's order and remand for further proceedings consistent with this opinion.
NORTHCUTT and SALCINES, JJ., Concur.