**FIRST DIVISION**
March 29, 2010

No. 1-09-0617

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counterdefendant-Appellee, | |
| v. | |
| ERNESTINE TERRY, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, | |
| Defendants | |
| (Ernestine Terry, | No. 07 CH 10211 |
| Counterplaintiff-Appellant and Third-Party Plaintiff-Appellant, | |
| v. | |
| Option One Mortgage Corporation, | |
| | The Honorable |
| Third-Party Defendant-Appellee). | David B. Atkins, Judge Presiding. |

JUSTICE GARCIA delivered the opinion of the court._____

Ernestine Terry, defendant, counterplaintiff, and third-party plaintiff, appeals the dismissal of her affirmative defense, counterclaim, and third-party complaint that the circuit court granted pursuant to section 2-615 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-615 (West 2008). The circuit court held that her right to rescind a mortgage issued by appellees Wells Fargo Bank and Option One Mortgage Corporation

No. 1-09-0617

(the lenders), upon which all of her pleadings were founded, expired under the Truth in Lending Act (the TILA) (15 U.S.C. §1601 et seq. (2006)) when she failed to exercise it within three years of receiving the mortgage.  The lenders assert that even if she had exercised her right of rescission in a timely manner, her claim under that right would have failed on the merits.

Terry contends that under section 1635(i)(3) of the TILA, her "right of rescission in recoupment under State law" (15 U.S.C. §1635(i)(3) (2006)) survives.  She asserts in her brief: "[Section] 1635(i)(3) is a 'savings clause' allowing defensive TILA rescission claims under state law, even after the 3-year period has passed."

Because we find that under Illinois law there is no right of rescission in recoupment that falls within the provision of section 1635(i)(3) of the TILA, we are compelled to reject Terry's claim.  We affirm Judge Atkin's ruling that Terry's affirmative defense, counterclaim, and third-party complaint fail as a matter of law.

BACKGROUND

On October 25, 2002, Terry entered into an adjustable rate note and mortgage from Option One for a home mortgage refinance loan.  In connection with the refinance of her mortgage, Terry received a United States Department of Housing and Urban

2

No. 1-09-0617

Development settlement statement at closing.  She contends the settlement statement indicated she was charged $3,720 in fees that were not disclosed on the federal "Truth-In-Lending Disclosure Statement" she received.

After closing, Option One assigned Terry's mortgage to Wells Fargo.  On April 12, 2007, Wells Fargo filed a complaint to foreclose the mortgage alleging Terry failed to make payments on her note.  On January 29, 2008, Terry filed an affirmative defense, a counterclaim, and a third-party complaint against the lenders.  The affirmative defense, counterclaim, and third-party complaint all sought rescission under the TILA.

The lenders moved to dismiss the affirmative defense, counterclaim, and third-party complaint pursuant to section 2-615 of the Code of Civil Procedure.  735 ILCS 5/2-615 (West 2008). Judge David B. Atkins granted the motion on September 8, 2008, finding Terry's right of rescission had expired.  On February 19, 2009, Judge Atkins entered judgment for foreclosure and sale that was "fully dispositive of the interest of all defendants."

This timely appeal followed.[1]

---

[1] In her notice of appeal, Terry also sought reversal of the circuit court's February 19, 2009, judgment for foreclosure and sale.  Because no argument for this relief is asserted in her brief, we do not address it.

3

No. 1-09-0617

ANALYSIS

Standard of Review

"This court reviews the grant of a section 2-615 motion to dismiss _de novo_, and we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party." Addison v. Distinctive Homes, Ltd., 359 Ill. App. 3d 997, 1000, 836 N.E.2d 88 (2005).

The Truth in Lending Act

"Under the Truth in Lending Act, 82 Stat. 146, 15 U.S.C. §1601 _et seq._, when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." Beach v. Ocwen Federal Bank, 523 U.S. 410, 411, 140 L. Ed. 2d 566, 569, 118 S. Ct. 1408, 1409 (1998), citing 15 U.S.C. §1635 (1994). "Within 20 days after receiving notice of rescission, the lender must 'return to the [borrower] any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.' " Beach, 523 U.S. at 412-13, 140 L. Ed. 2d at 570, 118 S. Ct. at 1410, quoting 15 U.S.C. §1635(b) (1994).

4

No. 1-09-0617

A borrower's right to seek rescission under the TILA is not indefinite. Subsection (f) of section 1635, titled "Time limit for exercise of right," provides:

> "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor ***."
>
> 15 U.S.C. §1635(f) (2006).

It is undisputed that more than three years elapsed between the closing of Terry's refinance mortgage and the filing of her claim for rescission under the TILA, which suggests her claim is time-barred. However, Terry contends that she "brought [the] claim for recoupment in defense to Wells Fargo's foreclosure action and therefore the three-year expiration date does not preclude Terry's TILA rescission claim, so long as Illinois law allows it." Thus, she presents the question before us: Does Illinois law allow Terry's claim for recoupment in defense of Wells Fargo's foreclosure action apart from her claim under the TILA?

5

No. 1-09-0617

Terry cites three cases to support her position: <u>Beach</u>, 523 U.S. 410, 140 L. Ed. 2d 566, 118 S. Ct. 1408; <u>Johnson v. Long Beach Mortgage Loan Trust</u>, 451 F. Supp. 2d 16 (D.D.C. 2006); and <u>In re Botelho</u>, 195 B.R. 558 (Bankr. D. Mass. 1996). The difficulty for Terry is that none is an Illinois case, which means none stands as authority for Illinois law. See <u>Marchlik v. Coronet Insurance Co.</u>, 40 Ill. 2d 327, 332-33, 239 N.E.2d 799 (1968) (cause of action under Wisconsin law properly barred in Illinois courts when the cause of action was not recognized in Illinois). Because <u>Beach</u> references an Illinois case, we look only to <u>Beach</u> to determine whether it supports Terry's position.

Terry reads <u>Beach</u> to hold that "when a consumer brings a defensive rescission claim in a state where recoupment is allowed, such as Illinois, then the expiration of the three year period is not a bar to her TILA claim."

Under Illinois law, "[r]ecoupment is *** a cross-action in which a defendant alleges that it has been injured by a breach by plaintiff of another part of the contract on which the action is founded." <u>Cox v. Doctor's Associates, Inc.</u>, 245 Ill. App. 3d 186, 199, 613 N.E.2d 1306 (1993); 735 ILCS 5/2-608 (West 2008) (a claim by a defendant against a plaintiff "in the nature of *** recoupment *** may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim").

6

No. 1-09-0617

Under existing Illinois case law, Terry's claim would survive the expiration of the three-year period as a defensive claim against the lenders' action if section 1635(f) of the TILA were a statute of limitations. See Barragan v. Casco Design Corp., 216 Ill. 2d 435, 437, 837 N.E.2d 16 (2005) (counterclaim otherwise barred by statute of limitations permitted to proceed where plaintiff's underlying claim was timely), citing 735 ILCS 5/13-207 (West 2008) ("A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counterclaim was so barred, and not otherwise").

However, the United States Supreme Court made clear in Beach, "[s]ection 1635(f) is a statute of repose, not a statute of limitation." In re Hunter, 400 B.R. 651, 660 (Bankr. N.D. Ill. 2009), citing Beach, 523 U.S. at 417, 140 L. Ed. 2d at 573, 118 S. Ct. at 1412. The provision "talks not of a suit's commencement but of a right's duration." Beach, 523 U.S. at 417, 140 L. Ed. 2d at 573, 118 S. Ct. at 1412. Accordingly, "the [TILA] permits no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run." Beach, 523 U.S. at 419, 140 L. Ed. 2d at 574, 118 S. Ct. at 1413.

Illinois law observes the same distinction between a statute

7

No. 1-09-0617

of limitations and a statute of repose. "[A] statute of repose differs from a statute of limitations in that a statute of limitations governs the time within which lawsuits may be commenced after a cause of action has accrued, while a statute of repose extinguishes the action itself after a fixed period of time, regardless of when the action accrued." DeLuna v. Burciaga, 223 Ill. 2d 49, 61, 857 N.E.2d 229 (2006).

Of the cases cited by Terry that were decided after Beach, there is only one case that expressly finds state law to support a recoupment claim. In In re Fidler, 226 B.R. 734, 735 (Bankr. D. Mass. 1998), the mortgage debtors filed defensive claims of recoupment under both the TILA and the Massachusetts Consumer Credit Cost Disclosure Act (the CCCDA) (Mass. Gen. Laws ch. 140D, §1 et seq.), seeking rescission more than three years after consummating a mortgage transaction. Fidler, 226 B.R. at 735. The CCCDA was modeled directly after the TILA and has the same objective of protecting debtors. Fidler, 226 B.R. at 736. Because of an exemption by the Board of Governors of the Federal Reserve System (Fidler, 226 B.R. at 736, citing 48 Fed. Reg. 14882, 14890 (April 6, 1983)), "the transaction at issue [was] governed not by [the] TILA but by [the] CCCDA." Fidler, 226 B.R. at 736. Even if the TILA had controlled, the court stated "§1635(i)(3) *** would direct its inquiry to [the] CCCDA and

8

other Massachusetts law concerning recoupment." <u>Fidler</u>, 226 B.R. at 736 n.6.

Applying Massachusetts law, the court in <u>Fidler</u> adhered to the CCCDA's provision that " 'Nothing in this section shall be construed so as to affect a consumer's right of recoupment under the laws of the commonwealth.' " <u>Fidler</u>, 226 B.R. at 737, quoting Mass. Gen. Laws ch. 140D, §10(i)(3). The court followed the CCCDA's clear statutory mandate and granted the debtors the common law right of recoupment. <u>Fidler</u>, 226 B.R. at 737. The debtors' claim was barred under the TILA, but not under the CCCDA. <u>Fidler</u>, 226 B.R. at 738.

Thus, section 1635(f) constitutes an absolute bar to Terry's action under the TILA unless, under Illinois law, her right of rescission in recoupment pursuant to section 1635(i)(3) is preserved.[2] In other words, to save her claim, there must exist an Illinois statute analogous to the CCCDA of Massachusetts. Terry, however, does not point us to any Illinois statute

_____

[2] As the United States Supreme Court noted in a footnote, section 1635(i)(3) had no application in <u>Beach</u> because "there is no claim *** that Florida law purports to provide any right to rescind defensively on the grounds relevant under the [TILA]." <u>Beach</u>, 523 U.S. at 418 n.6, 140 L. Ed. 2d at 573 n.6, 118 S. Ct. at 1413 n.6.

remotely similar to the CCCDA; nor have we have found such an Illinois statute.

Thus, Terry's position before us is identical to the debtor's position in In re Williams, 276 B.R. 394 (Bankr. E.D. Pa. 2002). The court in Williams observed Fidler had relied on "specific language in a Massachusetts statute" to permit a borrower to rescind a mortgage transaction after the three-year period expired. Williams, 276 B.R. at 397. There was, however, "no similar state law *** in Pennsylvania." Williams, 276 B.R. at 397, citing In re Roberson, 262 B.R. 312, 320 (Bankr. E.D. Pa. 2001) ("reject[ing] Plaintiff's argument that Pennsylvania state law allows a consumer to raise his or her right to rescission under [the] TILA defensively beyond the three year bar in §1635(f)"). The Williams court concluded, "unlike the statute in Fidler, neither statute [cited by the debtor] provides rescission rights to the borrower or reserves a borrower's recoupment rights." Williams, 276 B.R. at 397. "Accordingly, [Section] 1635(f) renders the Debtor's belated attempt to rescind the loan transaction invalid." Williams, 276 B.R. at 399. See Beach v. Great Western Bank, 692 So. 2d 146, 153 (Fla. 1997) (per curiam) (distinguishing Florida statute of limitations cases and holding "under Florida law, an action for statutory right of rescission pursuant to 15 U.S.C. §1635 may not be revived as a defense in

10

recoupment beyond the three-year expiration period contained in section 1635(f)").[3]

Like the debtors in Williams and Roberson, Terry has failed to identify a statute, case, or any other source of Illinois law that might afford her a right of rescission in recoupment analogous to a claim under the TILA. She does not cite a single case decided subsequent to Beach. Every authority she cites is either no longer good law following Beach (Federal Deposit Insurance Corp. v. Ablin, 177 Ill. App. 3d 390, 395, 532 N.E.2d 379 (1988) (explicitly abrogated); Westbank v. Maurer, 276 Ill. App. 3d 553, 658 N.E.2d 1381 (1995) (incorrectly treating section 1635(f) as a statute of limitations)) or simply inapposite (Mt. Vernon Memorial Estates, Inc. v. Wood, 88 Ill. App. 3d 666, 410 N.E.2d 995 (1980) (interpreting section 1640 of the TILA, as opposed to section 1635); National Boulevard Bank of Chicago v. Thompson, 85 Ill. App. 3d 1145, 1146, 407 N.E.2d 739 (1980) (same); 735 ILCS 5/13-207 (West 2008) ("A defendant may plead a set-off or counterclaim barred by the statute of limitation ***")).

---

[3] This case became the Beach case. Ocwen Federal Bank replaced Great Western Bank as the plaintiff while the case was pending. Beach, 523 U.S. at 414 n.4, 140 L. Ed. 2d at 571 n.4, 118 S. Ct. at 1411 n.4.

No. 1-09-0617

In the absence of an Illinois statute similar to the Massachusetts statute in <u>Fidler</u>, section 1635(i)(3) provides no basis to save Terry's claim for rescission.

## CONCLUSION

<u>Beach</u> makes clear that section 1635(f) is a statute of repose that extinguishes all claims for rescission outside the three-year period. Section 1635(i)(3) does not "save" Terry's TILA claim in the absence of an Illinois statute that expressly allows a defensive rescission claim. Accordingly, Terry's rescission claim is barred because it was not filed within three years of obtaining her home mortgage refinance loan. We do not reach the lenders' argument that the claim fails on its merits.

Affirmed.

HALL, P.J., and PATTI, J., concur.

12

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

_____

**WELLS FARGO BANK, N.A., as Trustee,**
     **Plaintiff and Counterdefendant-Appellee,**

 **v.**

**ERNESTINE TERRY, UNKNOWN OWNERS, and NONRECORD CLAIMANTS,**

                                                  **Defendants**

**(Ernestine Terry,**
     **Counterplaintiff-Appellant and Third-Party Plaintiff-Appellant,**

**v.**

**Option One Mortgage Corporation,**
     **Third-Party Defendant-Appellee).**

_____

### No. 1-09-0617

**Appellate Court of Illinois**
**First District, First Division**

**Filed: March 29, 2010**

_____

**JUSTICE GARCIA delivered the opinion of the court.**

**HALL, P.J., and PATTI, J., concur.**

_____

**Appeal from the Circuit Court of Cook County**
**Honorable David B. Atkins, Judge Presiding**

_____

For DEFENDANT-APPELLANT:

Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, IL 60419

For PLAINTIFF-APPELLEE:

Dianne E. Rist,
    S. Todd Sipe
Gina M. Lavarda
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603

No. 1-09-0617